**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MY HEALTH, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOTERA WIRELESS, INC., <br><br> Defendant. | Civil Action No. <br><br> **(JURY TRIAL DEMANDED)** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, My Health, Inc. ("*My Health*" or "*Plaintiff*"), by and through its attorneys, makes and files this Complaint against Defendant Sotera Wireless, Inc. ("*Sotera*" or "*Defendant*"). In support of this Complaint, Plaintiff alleges and complains as follows:

**PARTIES**

1. My Health is a Delaware corporation having its registered agent and principal place of business in this district.

2. All right, title, and interest, in and to the Patent, including the right to sue for all past and present infringement damages, was assigned by the University of Rochester to My Health.

3. Michael E. Eiffert M.D. ("*Dr. Eiffert*"), the CEO of My Health and an inventor of United States Patent No. 6,612,985 entitled "Method and system for monitoring and treating a patient" (the "*'985 Patent*"), resides in Plano, Texas, which is located in this judicial district.

4. Upon information and belief, Sotera Wireless, Inc. is a corporation organized under the laws of the state of California, with its principal place of business located at 9444 Waples Street Suite 280, San Diego, California 92121.

5. Upon information and belief, Sotera has sold, currently sells, and offers for sale the Accused Product and other infringing products in retail stores and other outlets within this jurisdiction.

## SUMMARY OF THE CASE

6. While affiliated with the University of Rochester, Dr. Eiffert and Lisa C. Schwartz invented a unique technology that assists healthcare providers in monitoring and treating patients. Consequently, on September 2, 2003, the University of Rochester was awarded the '985 Patent.

7. My Health is an early stage company, fostering medical technologies through the proof of concept stage for larger, more established entities.

8. My Health focuses on serving as a pipeline for new technologies, assisting scientists and engineers in bringing their ideas to fruition and, ultimately, to companies with the expertise to market on a global scale.

9. Sotera has not been granted a license or any other rights to the '985 Patent.

10. It is believed that Sotera has generated significant sales of products incorporating the Plaintiff's technology, easily exposing Sotera to significant liability for its infringement of the '985 Patent.

### JURISDICTION AND VENUE

11.     This is a claim for patent infringement that arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

12.     This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338, and applicable principles of supplemental jurisdiction.

13.     Upon information and belief, Sotera transacted business, contracted to supply goods or services, and caused injury to Plaintiff within Texas and this judicial district, and has otherwise purposefully availed itself of the privileges and benefits of the laws of Texas and is therefore subject to the jurisdiction of this Court.

14.     Upon information and belief, Defendant Sotera places products for sale online and in retail stores to be used, shipped, and sold in this judicial district.

15.     Upon information and belief, Sotera also placed the Accused Products in the stream of commerce with the expectation that they would be bought and sold in its retail stores within this judicial district.

16.     Sotera is subject to personal jurisdiction in the state of Texas (this "*State*") and this judicial district, consistent with the principles of due process and the Texas Long Arm Statute, because Sotera has offered and continues to offer their products for sale in this State, has transacted business and continue to transact business in this State, has committed and/or induced acts of patent infringement in this State, and/or has placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this State.

17. Such Accused Products have been offered for sale and sold in this State and in this judicial district through various retail stores and other outlets.

18. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because Sotera has done business, has infringed, and continues to infringe the '985 Patent within this District as stated more fully above, and this action arises from transactions of that business and that infringement.

**FIRST CLAIM FOR RELIEF**

**INFRINGEMENT OF U.S. PATENT NO. 6,612,985**

19. The '985 Patent, a copy of which is attached hereto as Exhibit A, is entitled "Method and System for Monitoring and Treating a Patient" and was duly and legally issued by the United States Patent and Trademark Office. My Health is the owner of all right, title and interest in and to the '985 Patent, including standing to sue and recover all past, present, and future damages for infringement of the '985 Patent.

20. My Health has complied with the provisions of 35 U.S.C. § 287.

21. Upon information and belief, Defendant, either alone or in conjunction with others, has infringed and continues to infringe, contribute to infringement, and/or induce infringement of the '985 Patent by making, using, selling, and/or offering to sell, and/or causing others to use, methods and systems, including, but not limited to Sotera's comprehensive monitoring of vital signs, including the Sotera ViSi Mobile Patient Monitoring System (the "*Accused Product*"), which infringes one or more claims of the of the '985 Patent, including, but not limited to claims 1, 4, and 7 of the '985 Patent.

22.     Sotera is liable for infringement of one or more claims of the '985 Patent, including, but not limited to claims 1, 4, and 7, pursuant to 35 U.S.C. § 271 as set forth therein and incorporated by this reference, by making, using, selling, offering for sale, and/or importing the Accused Product.

23.     Sotera is liable for indirect infringement of the '985 Patent by inducing and/or contributing to direct infringements of the '985 Patent committed by end users of the Accused Product.

24.     At least from the time Sotera received this Complaint by which it was given actual notice of the '985 Patent, Sotera induced infringement because it knew, or should have known, that its acts would cause patent infringement, and it acted with intent to encourage direct infringement by its users.

25.     At least from the time Sotera received this Complaint, Sotera contributed to direct infringement by its end users by knowing that its Accused Product and methods would be implemented by its end users; that its methods, components, system and Accused Product were especially made or especially adapted for a combination covered by one or more claims of the '985 Patent; that there are no substantial non-infringing uses; and the Accused Product is a material part of the infringement.

26.     Sotera has knowledge of the '985 Patent and is infringing despite such knowledge. The infringement has been and continues to be willful and deliberate.

27.     Sotera's acts of infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover from Sotera the damages sustained as a result of Sotera's wrongful acts in an amount subject to proof at trial, but in no event less than a reasonable royalty.

28. Sotera's infringing activities have injured and will continue to injure Plaintiff unless and until this Court enters an injunction prohibiting further infringement of the '985 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that, after a trial, this Court enter judgment against Defendant as follows:

A. An entry of final judgment in favor of Plaintiff and against Defendant;

B. An award of damages adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C. An injunction permanently prohibiting Defendant and all persons in active concert or participation with any of them from further acts of infringement of '985 Patent;

D. Treble damages as provided for under 35 U.S.C § 284 in view of the knowing, willful, and intentional nature of Defendant's acts;

E. Awarding Plaintiff its costs and expenses of this litigation, including its reasonable attorneys' fees and disbursements, pursuant to 35 U.S.C. § 285; and

F. Such other further relief that Plaintiff is entitled to under the law, and any other and further relief that this Court or a jury may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all claims and issues so triable.

Respectfully Submitted,

Dated: June 3, 2014 By: /s/ Elizabeth L. DeRieux
S. Calvin Capshaw
State Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@capshawlaw.com
CAPSHAW DERIEUX, L.L.P.
114 East Commerce Avenue
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

C. Dale Quisenberry
State Bar No. 24005040
dquisenberry@pqelaw.com
John T. Polasek
State Bar. No. 16088590
tpolasek@pqelaw.com
Jeffrey S. David
State Bar No. 24053171
jdavid@pqelaw.com
POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone: (832) 778-6000
Facsimile: (832) 778-6010

Of Counsel:

Joseph G. Pia
Joe.Pia@padrm.com

PIA ANDERSON DORIUS REYNARD & MOSS, LLC
222 South Main Street, Suite 1830
Salt Lake City, Utah 84101
Telephone:  (801) 350-9000
Fax:  (801) 350-9010

Michael R. Wolford
mwolford@wolfordfirm.com
THE WOLFORD LAW FIRM LLP
600 Reynolds Arcade Building
16 East Main Street
Rochester, New York 14614
Telephone: (585) 325-8008
Facsimile: (585) 325-8009

                              ATTORNEYS FOR PLAINTIFF